UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| YVONNE NELSON, )<br>)<br>    Plaintiff, )<br>)<br>-vs- )<br>)<br>South Carolina Department of Social Services, )<br>Horry County Department of Social Services, )<br>and Social Security Administration )<br>)<br>    Defendants. )<br>_____ ) | Civil Action No.: 4:15-cv-2607-RBH-TER<br><br>REPORT AND RECOMMENDATION |

Plaintiff Yvonne Nelson ("Plaintiff"), proceeding pro se, initiated this civil action by filing a Complaint on May 28, 2015.[1] Plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. After review, and for the reasons set forth herein, the Complaint in this action should be summarily dismissed, inter alia, for failure to state a claim on which relief may be granted and immunity.

FACTUAL ALLEGATIONS

In her Complaint, Plaintiff alleges as follows:

Regarding income resource of child support payments, the 1st defendant repeatedly submitted incorrect amounts of child support. The incorrect amount maliciously affected other income resources, jeopardizing assistance. The 2nd defendant refused to apply their policy 100% to my case that would allow full access of all programs that would promote family independency. Suspicious activity regarding a job injury case, I have probable cause to believe has been misused by this agency (2nd defendant), need to be considered in this case. As well as other persons who know of this injury. However, I have probable cause to believe illegal networking has taken place to deprive myself and sons the full access of government

---

[1] Plaintiff filed other documents with the Court starting on March 13, 2013, which are included as part of the Court's Docket.

1

> programs, according to their policy. I have, due to just cause, omitted signature until further into this case.
>
> Regarding 2nd defendant as well, the activity in my case had been misrepresented as far as application is concerned. The application at this point represents violations that need to be addressed in a court of law. Regarding the third defendant, my disability has not been decided on through illegal activities. I suspect it as been approved due to a statement made, then brushed off to mean something else. My children's income is in jeopardy through their illegal acts and misrepresentation. This illegal act is in conjunction to the job injury that occur, and left me unable to work. Therefore, a lawsuit is being submitted for relief of withholding income. Please note that I have stated facts everywhere to be considered. Because of this, I have nothing left to do but submit this complaint and a request for victim witness protection against those who retaliate against my right to relieve my brains due to memory loss that have been short termed at certain times. As this is what the defendants caused due to refusal of federal assistance. As a result of my advocation, body injuries has indirectly been conducted, as submitted previously in a briefing to this court. Restitution and restoration is requested for relief.
>
> Victim witness protection in every aspect is requested. Networking practicing regarding the defendants and other participants is requested to stop, It constitutes abuse and neglect. This includes those who has benefited [sic] from my injuries, and has deprived myself and children of independent living. My right to advocate situations, and it not be interferred [sic] with by persons retaliating against the terms of advocation. I wish to be relieved of stolen identity, income conspiracy, and constant embarrassing explanation until trial, by way of preliminary injunctions. I also wish to be protected from the criminal act of stolen case practices that include dismissal.
>
> My sons need to be 100% rehabilitated before any disability income has ended. That is not the case. As a request a preliminary injunction to stay their income is needed. Victim witness protection for myself and family members as a whole is requested. Restitution for retaliations that we already endure is requested as well. Mail tampering is an issue regarding unauthorized statements regarding income that I request relief from. Decreases of income is a request to be done only in a court of law with all parties involved. Relief from signing documents meaning more than what the signature is for. Such as this lawsuit. The signature shall mean statements are true for the purpose of applying the law for justification of violations, in the court of law at the expense of the defendants. Law enforcement agencies is requested to enforce all laws that applies to victim witness protection. I also request for a speedy trial and protection of income and housing stability without the disability conspiracy, but through the government programs. In other words a preliminary injunction for a stay of all income and housing for myself and family members is requested. I also wish to be relieved of illegal trade acts. I am an indigent and vulnerable plaintiff who has been a victim of crimes endured by the defendants, therefore, the defendants bears the responsibility of restitution and fees and cost, as relief from their injustice.

Complaint pp. 3-5.

2

STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir.1978). The Complaint sub judice has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2) (B). A finding of frivolity can be made where the Complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Hence, under § 1915(e)(2) (B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir.1995).

This Court is required to liberally construe pro se documents, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Hughes v. Rowe, 449 U.S. 9 (1980) ( per curiam ). Even under this less stringent standard, however, the pro se complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999), or

3

construct Plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417–18 (7th Cir.1993), or "conjure up questions never squarely presented" to the Court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

The United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal: [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (citations omitted) (quoting Twombly, 550 U.S. at 555, 556, 557, 570 and citing to Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Bass v. Dupont, 324 F.3d 761,

4

765 (4th Cir. 2003). The court "need not accept the [Plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir.2006); see also Walker v. Prince George's Cnty., 575 F.3d 426, 431 (4th Cir.2009) (citing Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir.1999)). After review and for the reasons noted herein, Plaintiff's complaint is subject to summary dismissal.

This Complaint appears to be filed, in part, pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Rehberg v. Paulk, ——U.S. ——, ——, 132 S.Ct. 1497, 1501, 182 L.Ed.2d 593 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). A plaintiff fails to state a cognizable § 1983 claim against a defendant if it did not act under color of law. "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." Filarsky v. Delia, —— U.S. ——, ——, 132 S.Ct. 1657, 1661, 182 L.Ed.2d 662 (2012).

As an initial matter, the Court notes that the Defendant South Carolina Department of Social Services (as well as its Horry County office, Defendant Horry County Department of Social Services) is an agency of the State of South Carolina and is not a "person" amendable to suit under § 1983. Additionally, to the extent that Plaintiff seeks damages against the South Carolina

Department of Social Services (and its Horry County office) any such damages claim is barred in this court because of Eleventh Amendment immunity. "[W]e have understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact...." Virginia Office for Prot. & Advocacy v. Stewart, —–U.S. —–, —– – —–, 131 S.Ct. 1632, 1637–38, 179 L.Ed.2d 675 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." Id. (citations omitted). The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Id., 1637 n. 1. The Supreme Court has construed the Eleventh Amendment " 'to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.' " Lee–Thomas v. Prince George's Cnty. Pub. Sch., 666 F.3 244, 248 (4th Cir.2012) (citation omitted). A state must expressly consent to suit in a federal district court, which South Carolina has not done. See S.C.Code Ann. § 15–78–20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Because the South Carolina Department of Social Services (and also its Horry County Office, Defendant Horry County Department of Social Services) is an arm of South Carolina, it has Eleventh Amendment immunity from being sued in federal court. See Coffin v. S.C. Dep't Soc. Serv., 562 F.Supp. 579, 584 (D.S.C.1983). Thus, the South Carolina Department of Social Services (and also its Horry County Office, Defendant Horry County Department of Social Services) should be dismissed.

       Although it is unclear precisely what claims Plaintiff seeks to raise, she appears to suggest

that there is a conspiracy among the named defendants in conjunction with various state and federal benefits she believes that she and/or her family are entitled to receive. See Complaint. 15, p. 5. As to Plaintiff's allegations of conspiracy, to establish a civil conspiracy under § 1983, a Plaintiff must present evidence that the Defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in the deprivation of a constitutional right. Glassman v Arlington County, VA, 628 F.3d 140 (2010) (citing Hinkle v City of Clarksburg, 81 F.3d 416 (4th Cir. 1996)). A Plaintiff must come forward with specific evidence that each member of the alleged conspiracy shared the same conspiratorial objective. Hinkle, 81 F.3d at 421. A Plaintiff's factual allegations must reasonably lead to the inference that the Defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." Id. A Plaintiff's allegations must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Id. at 422. Here, the Plaintiff offers only vague conclusory allegations of an agreement or meeting of the minds by the Defendants. As her conclusory allegations are insufficient to state a claim for civil conspiracy, this claim is subject to summary dismissal as to all Defendants.  See generally, Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Moreover, even if Plaintiff had named potentially liable Defendants and had included sufficiently clear allegations against them, which, as stated above, is not the case, her allegations of potential fraud, wrongdoing and violation of her constitutional rights in connection with any lower court proceedings[2] would still be subject to summary dismissal, under the Rooker–Feldman Doctrine, as well as pursuant to Younger v. Harris, 401 U.S. 37 (1971).[3] Proceedings and rulings

---

[2]In a letter addressed to the Clerk of Court, and docketed as an attachment to her Compliant, Plaintiff suggests that she has related litigation ongoing in "lower court[s]."

[3]Plaintiff has filed a motion with the Court in which she requests that this Court grant a "stay" of all government assistance she receives, and indicates that this may necessitate the re-

7

made in the courts of the State of South Carolina cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476–82, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (a federal

---

opening of previous cases." (Doc. # 5). As discussed in the body of this Order, pursuant to the Rooker–Feldman Doctrine, as well as pursuant to Younger abstention, this motion is without sufficient legal merit.  In this same motion, as well as in Doc. # 9, Plaintiff requests that she be placed in "victim witness protection." This request is denied as Plaintiff fails to establish that the witness protection statute would be applicable to the circumstances of the instant case. Finally, Plaintiff also requests a hearing, and recusal of the undersigned ( See Doc. 9: "There is just cause to substitute the current judge.").  The Fourth Circuit has recognized that "there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." Nakell v. Attorney Gen. of N.C., 15 F.3d 319, 325 (4th Cir.1994) (citations and quotations omitted); see also Code of Judicial Conduct, Canon 3A(2) ("A judge should hear and decide matters assigned, unless disqualified ...."). It is clear from this general proposition that a judge may not sit in cases in which his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); see also id. § 455(b) (enumerating circumstances requiring recusal). We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal. See Clemens v. U.S. Dist. Ct., 428 F.3d 1175, 1179 (9th Cir.2005); Nichols v. Alley, 71 F.3d 347, 352 (10th Cir.1995). If it is a close case, the balance tips in favor of recusal. Recusal of federal judges is generally governed by 28 U.S.C. § 455. That statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. United States v. Cherry, 330 F.3d 658, 665 (4th Cir.2003). For purposes of this statute, the hypothetical "reasonable person" is not a judge, because judges, who are trained to regard matters impartially and are keenly aware of that obligation, "may regard asserted conflicts to be more innocuous than an outsider would." United States v. DeTemple, 162 F.3d 279, 287 (4th Cir.1998). Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." Cherry, 330 F.3d at 665 (internal quotation omitted). The Fourth Circuit recognizes that overly cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. DeTemple, 162 F.3d at 287. Recusal decisions under 28 U.S.C. § 455(a) are "fact-driven and may turn on subtleties in the particular case." Holland, 519 F.3d at 912. The statute provides a list of specific instances where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer. 28 U.S.C. § 455(b). Here, Plaintiff offers no alleged basis for recusal other than "just cause," and the undersigned knows of no reason why recusal is appropriate in this case. Therefore, because Plaintiff has not set forth a basis for recusal under the law or shown that a reasonable person would question the undersigned's impartiality in this matter, Plaintiff's motion for recusal must be denied. Further, the court denies Petitioner's request for a hearing as otherwise unnecessary.

district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257).[4] See Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the Rooker–Feldman doctrine or the Feldman–Rooker doctrine. See, e.g., Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); Davani v. Va. Dep't of Transport., 434 F.3d 712 (4th Cir.2006); Ivy Club v. Edwards, 943 F.2d 270, 284 (3d Cir.1991). Because the Rooker–Feldman doctrine is jurisdictional, it may be raised by the Court sua sponte. American Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir.2003). According to the Fourth Circuit, "the Rooker–Feldman doctrine applies ... when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dep't of Transp., 434 F.3d 712, 713 (4th Cir.2006); cf. Ruttenberg v. Jones, 2008 WL 2436157 (4th Cir. June 17, 2008) (reversing a Rooker/Feldman dismissal). To the extent that Plaintiff's seeks to enjoin any related state court litigation or administrative proceedings, this Court should abstain from interfering with that ongoing litigation, pursuant to the Younger abstention doctrine. In Younger v. Harris, 401 U.S. 37, 43–44 (1971), the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most

---

[4] Congress, for more than two hundred years, has provided that only the Supreme Court of the United States may review a decision of a state's highest court. See 28 U.S.C. § 1257. Since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right; see Ernst v. Child and Youth Servs., 108 F.3d 486, 491(3d Cir.1997). In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors, e.g. Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1991) (an example of a South Carolina Supreme Court case that was reviewed by the United States Supreme Court).

narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir.1996). This doctrine has been extended to cases involving state civil and administrative proceedings. See Trainor v. Hernandez, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (civil litigation where the state is a party); Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (civil litigation between private parties); Middlesex County Ethics Committe v. Garden State Bar Association, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (state administrative proceedings); Nivens v. Gilchrist, 444 F.3d 237 (4th Cir.2006).

Plaintiff names the Social Security Administration as a defendant in this action. Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. See FDIC v. Meyer, 510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (declining to extend Bivens to permit suit against a federal agency); Global Mail Ltd. v. United States Postal Service, 142 F.3d 208, 210 (4th Cir.1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit). "[T]he United States has not waived sovereign immunity in suits claiming constitutional torts." Reinbold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir.1999); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir.1996) ( "Bivens did not abolish the doctrine of sovereign immunity of the United States. Any remedy under Bivens is against federal officials individually, not the federal government."). As a federal agency, the Social Security Administration is immune from Plaintiff's constitutional claims. Therefore, Plaintiff's allegations against this defendant are subject to summary dismissal as frivolous. See Chong Su Yi, 2014 WL 629513, at *1 (affirming dismissal of claims against the Social Security Administration based on district court's inherent authority to dismiss frivolous complaints, even

10

when the filing fee has been paid).[5]

Additionally, the above-captioned case is not maintainable as a Bivens action against the Social Security Administration. In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-20 & n. 30 (1982). A Bivens action may not be brought against agencies of the United States, such as the Social Security Administration. FDIC v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies).

Even if this case is treated as an action under the Federal Tort Claims Act, it is still subject to summary dismissal. The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. See 28 U.S.C. § 2675[6] and United States v. Kubrick, 444 U.S. 111, 117-18 (1979). A suit under the

---

[5]The Court takes judicial notice of Plaintiff's previous social security case, in which the decision of the Commissioner was affirmed by Order filed August 29, 2013. To the extent that Plaintiff seeks to attack or request injunctive or other relief with regards to any previous decision of the Social Security Administration, such relief is not proper in this civil action.

[6]Title 28, section 2675 of the United States Code provides in relevant part,
(a)     An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. 28 U.S.C. § 2675(a).

Federal Tort Claims Act lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Sheridan v. Reidell, 465 F. Supp. 2d 528, 531 (D.S.C. 2006). An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act. See 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). There is no indication that Plaintiff has filed an administrative claim pursuant to the Federal Tort Claims Act (FTCA) as to the Social Security Administration. Plaintiff does not allege that she has filed an administrative claim for the claimed injury and damages sought in her complaint against the Social Security Administration. Under the FTCA, "the requirement of filing an administrative claim is jurisdictional and may not be waived; "Plaintiff's failure to file claim with the proper administrative agency mandates dismissal of the action under the Federal Tort Claims Act." Kokotis v. United States Postal Service, 223 F.3d 275, 278 (4th Cir. 2000) (citing Henderson v. U.S., 785 F.2d 121, 123 (4th Cir. 1986)). When the plaintiff has failed to submit an administrative claim to the agency as required under the FTCA, the Court lacks subject matter jurisdiction. Kielwien v. United States, 540 F.2d 676 (4th Cir. 1976), cert. denied 249 U.S. 979. Accordingly, this court lacks subject matter jurisdiction over Plaintiffs' claims against Defendant Social Security and dismissal is proper.[7]

Finally, to the extent that Plaintiff indicates that this "lawsuit is based on crimes committed against me regarding the defendants listed" and that "[t]he information provided is an act of good faith to bring the stated violations to justice," (See 15-1, p. 2) her claims are subject to summary

---

[7] The Court notes that Defendant Social Security Administration is also subject to dismissal pursuant to the Iqbal/Twombly analysis discussed, supra.

dismissal without service on these Defendants because the Plaintiff does not have any constitutional right to, or, in fact, any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person or entity.  <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973); <u>see Diamond v. Charles</u>, 476 U.S. 54, 64-65 (1986)(<u>applying Linda R.S. v. Richard D</u>. and collecting cases); <u>Doyle v. Ok. State Bar Ass'n</u>, 998 F.2d 1559, 1566-67 (10th Cir. 1993); <u>Lane v. Correll</u>, 434 F.2d 598, 600 (5th Cir. 1970).

Accordingly, for the reasons set forth above, this case is subject to summary dismissal as to all Defendants without issuance of service of process.

## RECOMMENDATION

Based upon the foregoing, it is recommended that Plaintiff's Complaint (Doc. # 15) be summarily dismissed, without prejudice and without issuance and service of process, and that Plaintiff's outstanding motions be denied (Doc. # 5 & # 9) be denied.

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

June 30, 2015  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).