UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Yvonne Nelson, ) | Civil Action No.: 4:15-cv-02607-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| South Carolina Department of Social ) | |
| Services, Horry County Department of ) | |
| Social Services, and the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Yvonne Nelson, proceeding pro se, filed a complaint against the South Carolina Department of Social Services ("SCDSS"), the Horry County Department of Social Services ("HCDSS"), and the Social Security Administration ("SSA") (collectively, "Defendants"). ECF No. 15. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Thomas E. Rogers, III.[1]  *See* R & R, ECF No. 33. The Magistrate Judge recommends the Court dismiss Plaintiff's complaint without prejudice and without issuance of service of process, and that the Court deny Plaintiff's outstanding motions. R & R at 1, 13.

## **Background**

Plaintiff has sued Defendants for myriad reasons listed in her complaint and quoted in the R &

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge conducted his review of Plaintiff's complaint in accordance with the screening provisions of 28 U.S.C. § 1915(e)(2). R & R at 1. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

R.[2] *See* Complaint at 3-5; R & R at 1-2. She alleges that defendant SCDSS "submitted incorrect amounts of child support," that defendant HCDSS "refused to apply their policy 100% to [her] case that would allow full access of all programs that would promote family independency," and that defendant SSA "has not . . . decided" on disability benefits for her children. Complaint at 3-4. As the Magistrate Judge observes, the allegations in the complaint suggest Plaintiff believes Defendants engaged in a conspiracy to deprive her and her family of various state and federal benefits. R & R at 6-7 (citing Complaint at 3-5).

The Magistrate Judge recommends dismissing Plaintiff's complaint without prejudice and without issuance of service of process, and denying Plaintiff's outstanding motions. R & R at 1, 13. Plaintiff has submitted a filing entitled "Pleading of the 5th Amendment As a Response to Documents Sent Regarding Report and Recommendation With the Attempt to Dismiss Motion." ECF No. 36. The Court construes this filing as an objection to the Magistrate Judge's R & R.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[2] Plaintiff has also filed numerous motions in this case, most of which are nonsensical, groundless, and repetitive. *See* ECF Nos. 5, 9, 35, and 36.

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

### **Discussion**

The Magistrate Judge recommends dismissing Plaintiff's complaint for the following reasons: (1) defendants SCDSS and HCDSS are immune from being sued in federal court under the Eleventh Amendment to the United States Constitution; (2) Plaintiff's vague and conclusory allegations fail to state a claim; (3) the *Rooker-Feldman* doctrine[3] precludes federal review of Plaintiff's allegations; (4) Plaintiff's allegations are frivolous and therefore subject to summary dismissal; (5) the Court lacks subject matter jurisdiction over Plaintiff's claims against defendant SSA; and (6) Plaintiff lacks standing to sue Defendants based on whether or not they faced criminal prosecution. R & R at 6-13. Although Plaintiff filed a timely objection to the R & R, she simply states, "I'm exercising the right to the 5th Amendment until trial."[4] ECF No. 36 at 1.

Given Plaintiff's objection, it appears she wishes to invoke her privilege against self-incrimination under the Fifth Amendment to the United States Constitution. *See* U.S. Const. amend. V ("No person shall be . . . compelled in any criminal case to be a witness against himself . . . ."). The

---

[3] "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (internal quotation marks omitted).

[4] The remainder of Plaintiff's filing contains seventeen meritless motions. *See* ECF No. 36 at 2-4.

3

Court is mindful it must liberally construe Plaintiff's objection; here, however, Plaintiff has not made a specific objection to any portion of the Magistrate Judge's R & R as required by 28 U.S.C. § 636(b)(1).[5]  *Cf. Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005) ("The court notes that it need not conduct a de novo review of objections presented in this form, as these objections never cite specific conclusions of the R & R that are erroneous.").  Because Plaintiff has failed to make a specific objection, the Court summarily overrules Plaintiff's objection and adopts and incorporates the Magistrate Judge's R & R without further explanation.  *See Camby*, 718 F.2d at 200 (stating that in the absence of a specific objection to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's recommendation).

## **Conclusion**

The Court has conducted a thorough review of the entire record, including Plaintiff's complaint, the Magistrate Judge's R & R, Plaintiff's objection to the R & R, and Plaintiff's motions.  For the reasons stated in this order and in the R & R, the Court overrules Plaintiff's objection, finds no error in the Magistrate Judge's R & R, and adopts and incorporates the R & R [ECF No. 33] by reference .

**IT IS THEREFORE ORDERED** that Plaintiff's complaint [ECF No. 15] is **DISMISSED** *without prejudice and without issuance of service of process*.  **IT IS FURTHER ORDERED** that all pending motions [ECF Nos. 5, 9, 35, and 36] are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Florence, SC  
July 28, 2015

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[5]  The Court notes Plaintiff's "blanket assertion of the [F]ifth [A]mendment privilege is insufficient to invoke the privilege itself."  *Suntrust Mortgage, Inc. v. Busby*, No. 2:09CV10, 2009 WL 4801347, at *6 (W.D.N.C. Dec. 7, 2009).