UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Yvonne Nelson, | ) | Civil Action No.: 4:15-cv-02607-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of Social Services, Horry County Department of Social Services, and the Social Security Administration, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for resolution of two filings submitted by Plaintiff. *See* ECF Nos. 52 & 53.

**Procedural Background**

**I.    Prior Filings and Orders**

On May 28, 2015, Plaintiff Yvonne Nelson, proceeding pro se, filed a complaint against the three above-captioned Defendants.[1] ECF No. 15. On June 30, 2015, the Magistrate Judge issued a Report and Recommendation recommending that the Court summarily dismiss Plaintiff's complaint without prejudice and without issuance of service of process. ECF No. 33. On July 28, 2015, the Court issued an order adopting the Report and Recommendation, summarily dismissing Plaintiff's complaint, and, in effect, closing the case; the Clerk entered judgment the same day. ECF Nos. 37 & 38. On

---

[1]    Plaintiff sued Defendants for numerous reasons listed in her complaint and quoted in the Magistrate Judge's Report and Recommendation ("R & R"). *See* Complaint, ECF No. 15 at 3-5; R & R, ECF No. 33 at 1-2. She asserted, among other allegations, that the South Carolina Department of Social Services "submitted incorrect amounts of child support," that the Horry County Department of Social Services "refused to apply their policy 100% to [her] case that would allow full access of all programs that would promote family independency," and that the Social Security Administration "has not . . . decided" on disability benefits for her children. Complaint at 3-4. As the Magistrate Judge observed, Plaintiff's allegations suggest she believes Defendants engaged in a conspiracy to deprive her and her family of various state and federal benefits. R & R at 6-7 (citing Complaint at 3-5).

August 13, 2015, and September 3, 2015, the Court issued docket text orders denying Plaintiff's motions for reconsideration.[2] ECF Nos. 44 & 50.

## II. Filings Relevant to This Order

On September 11, 2015, Plaintiff filed a letter requesting that the Court reopen the case for consideration of "new evidence". ECF No. 52. In her letter, Plaintiff also appeared to request reconsideration of the Court's prior order dismissing Plaintiff's complaint.[3] *Id.*

On September 23, 2015, Plaintiff filed a "motion for a restraining order against the 51 states." ECF No. 53.

On February 29, 2016, Plaintiff filed a notice of appeal. ECF No. 55.

## Discussion[4]

### I. September 11, 2015 Letter

"In cases where a party submits a motion such as [Plaintiff]'s, which is unnamed and does not refer to a specific Federal Rule of Civil Procedure, the courts have considered that motion either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order." *In re Burnley*, 988 F.2d 1, 2 (4th Cir. 1992) (involving a litigious prisoner who frequently filed civil rights lawsuits). "In this case the question of which rule applies is quickly resolved—[Plaintiff] failed to file the motion within [twenty-eight] days of entry of judgment, therefore Rule 59(e) is

---

[2] On August 24, 2015, the Court issued a docket text order denying Plaintiff's motion for recusal of the undersigned district judge. ECF No. 47.

[3] On December 2, 2015, Plaintiff supplemented her September 11, 2015 letter by filing additional attachments. ECF No. 54.

[4] The Court liberally construes Plaintiff's September 11, 2015 letter and September 23, 2015 motion because she is proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating "[a] document filed *pro se* is 'to be liberally construed'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

inapplicable."[5]  *Id.* at 3 (construing an untimely Rule 59(e) motion as a Rule 60(b) motion). Accordingly, the Court analyzes Plaintiff's September 11, 2015 letter under Rule 60(b) of the Federal Rules of Civil Procedure.[6]

Rule 60(b) provides for an extraordinary remedy that should not be awarded except under exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). Rule 60(b) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for six reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(b)(c)(1). Before establishing that one of the six subparts is applicable, a party moving for relief under Rule 60(b) "must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 206-07 (4th

---

[5]  Motions made pursuant to Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, Rule 59(e) is inapplicable because the Clerk entered judgment on July 28, 2015, and Plaintiff did not file her letter until September 11, 2015. ECF Nos. 38 & 52.

[6]  Although Plaintiff has filed a notice of appeal, the Court has jurisdiction to consider Plaintiff's motion under Rule 60(b). *See Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890, 891 (4th Cir. 1999) ("If a Rule 60(b) motion is frivolous, a district court can promptly deny it without disturbing appellate jurisdiction over the underlying judgment. . . . Such a procedure preserves judicial resources and eliminates unnecessary expense and delay, and therefore is surely in 'aid of the appeal.' . . . [W]hen a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly. If the district court determines that the motion is meritless, as experience demonstrates is often the case, the court should deny the motion forthwith; any appeal from the denial can be consolidated with the appeal from the underlying order."); *see generally Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir. 1991) ("The general rule is that the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals. The rule is not absolute, however. One exception to the rule is that a district court does not lose jurisdiction to proceed as to matters in aid of the appeal." (internal citations omitted)).

Cir. 1984). Although "for . . . any other reason that justifies relief" is a catch-all provision, a motion under Rule 60(b)(6) may not be granted absent extraordinary circumstances. *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004); *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). "'Relief under 60(b)(6) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust.'" *Wojcicki v. Aiken Technical Coll.*, No. 1:06-CV-00461-MBS, 2012 WL 3596161, at *2 (D.S.C. Aug. 21, 2012) (quoting *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986)), *aff'd*, 501 F. App'x 286 (4th Cir. 2012).

Having considered Plaintiff's September 11, 2015 letter, the Court finds relief is not warranted under Rule 60(b). Plaintiff has not made a sufficient showing of timeliness, of a meritorious defense, or a lack of unfair prejudice to Defendants, nor has she demonstrated the type of "exceptional circumstances" contemplated by Rule 60(b). *See Mayfield*, 674 F.3d at 378. Plaintiff's motion is meritless, and therefore, the Court will deny Plaintiff's motion.

## II.     September 23, 2015 Motion

Because the Court is denying Plaintiff relief under Rule 60(b), the Court will deny Plaintiff's "motion for a restraining order" as moot.

## Conclusion

For the reasons explained above, the Court **DENIES** Plaintiff's motion to reopen this case [ECF No. 52]. The Court further **DENIES** Plaintiff's motion for a restraining order [ECF No. 53] as moot.

**IT IS SO ORDERED.**

Florence, South Carolina                                                       s/ R. Bryan Harwell
April 8, 2016                                                                           R. Bryan Harwell
                                                                                              United States District Judge